IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. AUGUSTINE POUNDS           :
                               :
         v.                    :   CIVIL ACTION NO. CCB-96-3977
                               :
BOARD OF TRUSTEES, ANNE ARUNDEL :
  COMMUNITY COLLEGE            :
DR. MARTHA SMITH               :
                     ..oOo..

**O R D E R**

On December 20, 1996, Dr. Augustine Pounds filed this action pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1981(a) and 1983; Article 24 of the Maryland Declaration of Rights; and Maryland common law, alleging employment discrimination on the basis of race.

On March 6, 1998, Judge Catherine C. Blake granted defendants' motion for summary judgment on: (1) count I as to defendant Smith in her individual capacity, (2) counts II, V, VI and VII; and (3) counts III and IV as to the retaliation claims, as well as the racial discrimination claims against the Anne Arundel Community College and Dr. Smith-- in her official capacity. Summary judgment was denied on: (1) count I as to defendant Smith in her official capacity and (2) counts III and IV as to the racial discrimination claims against Dr. Smith-- in her individual capacity. Summary judgment was denied without prejudice as to count VIII. (Paper

Nos. 50 & 51.)  Upon a renewed motion for summary judgment filed by the defendants on July 30, 1998, Judge Blake granted plaintiff's motion to strike and denied the summary judgment motion. (Paper Nos. 61 & 62.)  The case proceeded to trial.

After a nine day trial commencing on October 13, 1998, a jury returned a verdict in favor of the defendants, concluding that while the plaintiff was qualified for her job as vice president of student affairs at the Anne Arundel Community College, she was not performing it at a satisfactory level at the time of the adverse employment action.  (Paper No. 92.)  Judgment was entered on October 29, 1998.  (Paper No. 96.)  A notice of appeal soon followed.  (Paper No. 101.)

On November 13, 1998, the defendants filed a Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1920 & 1923. (Paper No. 99.)  This original taxation request seeks costs in the amount of $21,686.29 associated with court reporter fees, witness fees, copy work costs, docket fees, and docketing fees paid to the United States District Court for the District of Kentucky to enforce a subpoena to produce documents.  (*Id.*)  On November 30, 1998, the plaintiff filed her opposition thereto.  (Paper No. 100.) On December 8, 1998, defendants' filed their reply.  (Paper No. 103.)

On May 12, 2000, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court. (Paper No. 110.) On June 1, 2000, the defendants filed a supplemental cost request, seeking the taxation of $5,250.00 in court reporter fees (together with user tax) associated with obtaining a copy of the transcript of trial proceedings for purposes of the appeal. (Paper No. 109.) Defendants subsequently filed an amended supplement on June 13, 2000, seeking to adjust the previous cost request to $4,062.98 in light of the court reporter's refund of $1,130.50 of their $5,000.00 deposit fee. (Paper No. 111.) On June 15, 2000, Dr. Pounds filed an opposition to the defendants' supplemental Bill of Costs. (Paper No. 113.)

The taxation request is ready for my consideration. No hearing is required. Each request shall be examined *seriatim*.

*Court Reporter Fees*

The defendants seek to recoup $12,622.94 in court reporter fees for transcripts of depositions used in support of their "successful" motion for summary judgment and for transcripts of depositions which were necessary to prepare for and present testimony and argument at trial.

Deposition costs may be taxed under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See Crawford Fitting Co. v.*

*J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, a Court must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial. *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); ; *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While a judge may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned's authority is more limited. In this district, the Clerk has traditionally allowed the costs associated with: (1) deposing the parties in the case and has allowed: (2) **depositions that were actually used in connection with the event that terminated the litigation**; (3) purchasing copies of depositions taken by opposing counsel; and (4) **trial witness depositions**.

Given the aforementioned restrictions of the Clerk's discretion, I shall award costs associated with those transcripts of trial witnesses. They are as follows:

1.  Dr. Beth Eubanks (Day II)..................$406.00[1]
2.  Dr. Thomas E. Florestano (Day I).......... 259.00
3.  Walter J. Hall (Day VII).................. 161.00
4.  Dr. Sylvia H. Ingram Vol. I (Day VII).... 421.75
    Dr. Sylvia H. Ingram Vol. II (Day VII)... 175.00
5.  Mary Ellen Kiss (Day II).................. 343.00[2]
6.  Charlotte Koehler (Day VIII).............. 183.30
7.  Dr. John R. Lion Vol. II (Day VII)....... 41.25
8.  Dr. John F. Moeller (Day V).............. 288.00
9.  Newth Morris (Day I)...................... 276.50[3]
10. Joyce Murphy (Day VI)..................... 208.65
11. Dr. Augustine Pounds Vol. I............... 663.00
    Dr. Augustine Pounds Vol. II.............. 591.00
    Dr. Augustine Pounds Vol. III............. 897.00
    Dr. Augustine Pounds Vol. IV.............. 159.00
12. Russell Pounds (Day IV)................... 147.00
13. Dr. Richard A. Ratner (Day V)............. 468.00
14. Dr. Donald C. Roan (Day VII).............. 255.50
15. Dr. Martha Smith Vol. I (Day VI).......... 238.00
    Dr. Martha Smith Vol. II (Day VI)......... 252.00
    Dr. Martha Smith Vol. III (Day VI)........ 196.00
    Dr. Martha Smith Vol. IV (TR.)(Day VI)... 179.40[4]

---

[1] The court reporter invoice associated with the Beth Eubanks' deposition only lists a final billing amount. Therefore, I shall only award costs for 116 pages of transcribed testimony, at the ordinary page rate of $3.50.

[2] The invoice for court reporter fees for the Mary Ellen Kiss deposition does not specify the fees included in the total billing amount. Therefore, I shall only award costs for 98 pages of transcribed testimony, at the ordinary page rate of $3.50.

[3] The court reporter billing for the Newth Morris deposition does not enumerate the costs for each item. Consequently, I shall only award costs for 79 pages of transcribed testimony, at the ordinary page rate of $3.50.

[4] The defendants shall be awarded the greater of the video or transcript format costs for Volume IV of Dr. Smith's deposition. They are not entitled to the award of costs for both versions.

```
16.  George Tyree (Day III)................ 406.00[5]
17.  Mary Ann Whay (Day VIII)............... 152.10
```

Consequently, costs shall be awarded as to this item in the amount of in the amount of $7,367.45[6]

*Fees for Service of Process and Witness Fees*

Next, the defendants seek the award of $4,442.42 in witness fees and deposition and trial subpoena fees.

Although 28 U.S.C. § 1920 does not specifically provide for taxation of fees associated with private process, the Clerk has the authority to tax the reasonable process fees of a private process server as to service fees for summons and initial process; *service fees for trial subpoenas as to witnesses who have testified at trial; and service fees for depositions subpoenas as to depositions taxed as costs*. Further, if a witness testifies at trial and his or her deposition is taxed as costs, the prevailing party may

---

[5] The invoice for court reporter fees for the George Tyree deposition does not enumerate individual items. Thus, I shall only award costs for 116 pages of transcribed testimony, at the ordinary page rate of $3.50.

[6] Costs for exhibits, postage, reading, signing, handling and messenger fees are not recoverable. Further, while Carolyn Fox-Brinkley and Dr. Eleanor Hooks did testify on Day II of the trial proceedings, the NCRA and DPA invoices associated with those deposition transcript fees do not include the per page rate or the number of pages associated with the transcriptions. I therefore cannot assess whether the taxation requests are reasonable and shall not award costs. Costs shall be denied as to the Dr. John Lion deposition (Volume I) for similar reasons.

recover as costs the fees and disbursements associated with that witnesses' trial and/or deposition attendance.[7]

In this case, the award of the aforementioned fees by the Clerk of the Court is inextricably tied to the witnesses' trial appearance and/or the taxation of their depositions. Based upon my review of the cost materials and the trial minutes, the following witness and subpoena fees shall be awarded:

```
1.   Rita Bloom ...............$114.50
2.   Mary Bode.................  83.75
3.   Dr. Beth Eubanks..........  75.00[8]
4.   Pat Hornberger............ 114.50
5.   Dr. Sylvia H. Ingram...... 217.40
6.   Mary Ellen Kiss........... 263.50
7.   Charlotte Koehler......... 166.00
8.   Dr. John R. Lion..........  77.77
9.   Dr. John F. Moeller.......  75.00
10.  Joyce Murphy.............. 114.50
11.  Beth Peters............... 157.25
12.  Dr. Richard Ratner........  75.00
13.  Dr. Donald C. Roan........ 154.50
14.  Dr. Leon Sagan............ 179.98
15.  George Tyree.............. 144.00
16.  Mary Ann Whay.............  75.00
```

Consequently, $2,087.65 in witness and subpoena fees shall be allowed.

*Fees for Exemplification of Papers and Trial Exhibits*

---

[7] If a witness is subpoenaed to trial, but does not testify, the Clerk will not tax the fees and disbursements as to that witness.

[8] Defendants provide no explanation for the $302.50 service fee associated with Dr. Eubanks' deposition subpoena. Such a charge is well above the average subpoena service fee. In the absence of an explanation for such a high fee, I shall disallow said cost request.

7

Defendants claim that they incurred expenses of $560.00 for copy work associated with their motion for summary judgment, memorandum in support, and exhibits attached thereto, as well as their request for hearing, proposed order and reply brief. In addition, they seek the taxation of $1,612.00 for the photocopying of 6448 pages of exhibit material used at trial. Further, the defendants claim that they expended $118.09 to copy materials from Columbia Medical and Oakland University which were used in "discovery" and during trial. Finally, the defendants request the award of $2,213.34 in costs for the preparation of trial exhibits.

Historically, copy work has been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. at 165. Two opinions of Judges of this Court have caused the Clerk to reconsider this position. In the case of *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, Senior District Judge John Hargrove found that "(P)hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." c.f. *Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984).

*See also Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319.

With this standard in mind, the defendants shall be awarded costs associated with providing this Court and plaintiff's counsel copies of their motion for summary judgment and their reply brief, as well as the supporting memorandum and exhibits attached thereto. Costs shall be allowed in the amount of $336.00.[9]

Next, to the extent that the defendants seek the taxation of costs related to exemplification of 4 copies of 1,612 pages of trial exhibits, this cost shall be disallowed in its entirety. I note that the defendants submitted a list of some 407 proposed trial exhibits, approximately 44 of which were actually submitted into evidence. (Paper No. 87.) However, I have no way of knowing whether the 1,612 pages of trial exhibits are included in the admitted exhibits, and thus characterized as *Stratton*-type copy work, due to the fact that the defendants do not identify the trial exhibit material.

Further, while I shall award $25.16 in photocopying costs associated with obtaining records from Oakland University,[10] there

---

[9] This cost award shall be reduced to reflect the taxation of three copies of the materials (two for the Court and one for plaintiff's counsel) at a reasonable photocopy rate of $.20 per page.

[10] I note that the defendants did attach records from Oakland University to their September 15, 1998 motion in limine (*See* Paper No.

9

is no particularized showing that the Columbia Medical records were furnished to this Court during the course of the protracted discovery dispute or were admitted as trial exhibits.[11]

Insofar as the defendants request the taxation of $2,212.35 in fees[12] associated with various demonstrative aids (enlargements or "blow-ups"), costs shall be denied. The term "exemplification" in 28 U.S.C. § 1920(4) has been quite broadly defined by the courts to include a variety of demonstrative evidence, including maps, charts, photographs, illustrations, and similar graphic aids. 6 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice ¶ 54.77[6] at 458 (2d Ed. 1990). Hence, costs for copies of such exhibits may be awarded where such copies were "necessarily obtained for use in the case." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. at 143; *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir.), *reh'g denied*, 540 F.2d 1085 (1976).

I was not privy to the trial proceedings and would therefore be unprepared to determine whether the enlargements were necessary to the case, *unless the record independently showed that the*

---

68 at Ex. 3.)

[11] I further observe that no invoice has been provided for the costs associated with the Columbia Medical records.

[12] Defendants' invoices total $2,212.35 in fees paid to Executive Exhibits, LLC.

*exhibits were used during the course of trial proceedings.* However, defendants do not identify the enlargements in question. Therefore, I cannot determine whether they were among the 44 exhibits admitted into evidence. Consequently, the request for taxation of exhibit preparation costs shall be disallowed.

Exemplification costs shall be awarded in the amount of $385.16.

*Docket Fees*

Defendants request $52.50 in docket fees associated with admissions, motions and trial proceedings. These fees may be awarded under 28 U.S.C. § 1923. In addition, the defendants seek $65.00 in fees paid to the United States District Court for the District of Kentucky for the docketing of "an action to enforce a subpoena to obtain documents related to plaintiff's prior employment." I find this fee recoverable under § 1920(1).

*Trial Transcript Fee*

Defendants seek adjusted trial transcript costs of $4,062.98, claiming that the preparation of the trial transcript in this case was necessarily obtained for used in the appeal of this matter. Defendants allege that "plaintiff identified 15 issues to be raised

11

on appeal, many of which involved points of evidence and thus required examination of the testimony taken in the trial court.

Under Fed. R. App. P. 39(e), costs incurred in the preparation and transmission of the record; the cost of the reporter's transcript, if necessary for the determination of the appeal; the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal; and the fee for filing the notice of appeal, shall be taxed in the district courts as costs of the appeal in favor of the party entitled to costs under this rule.

In this Circuit, while costs associated with the appellate docketing fee and the reproduction and printing of briefs and appendices are taxable in the court of appeals, other costs associated with an appeal, such as the fee for preparing the record, are taxable in the district court. *Blackburn v. Reich*, 79 F.3d 1375, 1377-78 (4th Cir. 1986).

In light of the applicable federal appellate rule and the verified proffer filed by the defendants, the undersigned deems it appropriate to tax the $4,062.98.00 in costs incurred by the defendants in the preparation of the transcript for appeal review.

Dr. Pounds raises various equity arguments in support of her opposition to the taxation of costs. She asks that costs be denied in light of the disparity in the parties' financial resources. Plaintiff claims that she has been unemployed since she was

terminated by the defendants and has been unable to find a job. She further alleges that the defendants' costs have been absorbed by their insurer. In addition, Dr. Pounds requests that costs be denied because she pursued this action in good faith and the issues involved in this matter were "very close both factually and legally."

The court's discretion under Fed. R. Civ. P. 54(d)(1) to deny costs to a prevailing party is guided by appellate decisions, *see Cherry v. Champion Int'l Corp.*, 186 F.3d 442 (4th Cir. 1999), and is far from unlimited. First, a presumption applies that costs are to be awarded to a prevailing party. "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Id.* at 446. Appropriate considerations might include misconduct by the prevailing party worthy of a penalty, the losing party's inability to pay, an excessive claim for costs, the limited value of the prevailing party's victory, and the closeness and difficulty of the issues. *Id.* Good faith by the losing party is a necessary prerequisite to a waiver of fees, but is by no means sufficient. The fact that a suit has been brought in good faith does not provide an independent basis to deny costs in favor of a prevailing defendant. *Id.*; *see also Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994), *c.f.*

*Coyne-Delany Co. v. Capital Dev. Bd. of Illinois*, 717 F.2d 385 (7th Cir. 1983).

As noted, the aforementioned discretion to deny costs to a prevailing party rests with the court, not the clerk. Inasmuch as Judge Grimm did not direct that the parties were to bear their own costs, I am without the discretionary authority to direct that costs be disallowed in light of the factors articulated by the plaintiff.

Accordingly, costs shall be awarded in favor of the defendants and against the plaintiff in the amount of $14,020.74. The Clerk of the Court shall mail a copy of this Order to the parties.

Dated this 27th day of September, 2000.

_____
Felicia Cannon
Clerk
United States District Court for
   the District of Maryland